### PADEN v. GRIFFITH et al.

1. DAMAGES: ACCOUNT. The plaintiff, in his account filed in the justice's office, claimed of defendant "for 1 yoke of work oxen, worth $75," and "use of the same, and detention, 29 days, $20." The notice claimed $95 "for damages for the illegal and wrongful taking and detention of one yoke of oxen, and as damages for the detention thereof." The contest on the trial was as to the ownership and value of the oxen. It was held, that the court did not err in refusing to charge the jury, that if they found for the plaintiff, they could not include in their assessment of damages the value of said oxen.

2. INSTRUCTIONS: RELEVANCY. The Supreme Court will not interfere with a ruling of the court in refusing an instruction on the ground of irrelevancy when its relevancy is not apparent on the record.

*Appeal from Lee District Court.*

FRIDAY, OCTOBER 18.

*J. M. Beck* for the appellants.

*T. S. Espy* for the appellee.

WRIGHT, J.—Where an action was commenced before a justice, and an account filed charging the defendants " for 1 yoke of work oxen, worth $75," and "use of same and detention 29 days, $20," and where the notice required them to appear and answer a claim of $95, " due for dam-

ages for the illegal and wrongful taking and detention of one yoke of oxen, and as damages for the detention thereof," and where it further appeared from the record, that before the justice, and in the District Court, the contest was as to the ownership, and value of said cattle. *Held,* that the court below did not err in refusing to charge "that the jury could not, if they found for plaintiff, include in their assessment of damages the value of said oxen."

Where an instruction was refused by the court below upon the ground of its inapplicability, and where its relevancy does not affirmatively appear from the record, we can not say there was error in such refusal.

Affirmed.